### EXAMINATION OF MEDICAL STUDENTS.

Circuit Court of Hamilton County.

THE STATE OF OHIO, EX REL ERIC R. TWACHTMAN, v. THE STATE MEDICAL BOARD OF OHIO ET AL.*

Decided, June 7, 1910.

*Examination of Applicants for Certificates to Practice Medicine and Surgery—Abuse of Official Discretion in Appointment of Places for Holding Such Examinations—Mandamus—Section 1273, General Code.*

The delay for more than three years on the part of the State Medical Board to appoint a time for holding, in other cities than Columbus, examinations of applicants for certificates to practice medicine and the failure to fix a date for such examinations in June, which is the month when medical students complete their studies and desire to apply for certificates, is an abuse of the discretion vested in that board, and unless the said board desires to set forth by answer a reason for its inaction in that respect, a peremptory writ of mandamus will issue against it.

---

* For a previous opinion involving the same subject and statute, see 12 C.C.(N.S.), 189.

*Sanford Brown,* for plaintiff.

*U. G. Denman,* Attorney-General, *W. H. Miller* and *C. F. Williams,* contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

Although the statute (Section 1273, General Code) requires that examinations of applicants for certificates to practice medicine and surgery in this state be held in the city of Cincinnati as well as in Columbus, no such examinations have been held in Cincinnati during the last three years, and the defendants now declare that they will hold no such examination during or near the month of June, 1910, when a large majority of the students complete their course of instruction.

The only reasonable time for holding the examinations would, under the allegations of the petition, be when the students have finished the course of instruction or soon thereafter, and if the defendant board for its own convenience or other good reason prefers a later date, it ought by answer to set forth such reason. The objection to the present policy of the board is that no time whatever is fixed for an examination in Cincinnati, and that the practical effect of it is to coerce the students to take the examination at Columbus, lest by refusing they will be deprived of every opportunity to be examined and to obtain certificates. It would be a clear abuse of the discretion vested in the board to indirectly nullify the statute and deprive the students of Cincinnati and vicinity of the privilege conferred.

The motion to quash the alternative writ will be overruled, and unless the defendants wish to plead, a peremptory writ may issue as prayed for.